UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BROADCAST MUSIC, INC.; STONE DIAMOND MUSIC CORP.; PEER INTERNATIONAL CORPORATION; UNICHAPPELL MUSIC INC.; EMI CONSORTIUM SONGS, INC. d/b/a EMI LONGITUDE MUSIC; SONY/ATV SONGS LLC; and MOLE MUSIC CO.,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER OAK BREWING COMPANY, LLC d/b/a CHARTER OAK BREWING and P. SCOTT VALLELY,<br><br>Defendants. | Civil Action No. 24-1408<br><br>**COMPLAINT** |

Plaintiffs Broadcast Music, Inc., Stone Diamond Music Corp., Peer International Corporation, Unichappell Music Inc., EMI Consortium Songs, Inc. d/b/a EMI Longitude Music, Sony/ATV Songs LLC, and Mole Music Co. (collectively, "Plaintiffs"), for their Complaint against Defendants Charter Oak Brewing Company, LLC d/b/a Charter Oak Brewing, and P. Scott Vallely (collectively, "Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

**JURISDICTION AND VENUE**

1. This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

**THE PARTIES**

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 22.4 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Federal Rule of Civil Procedure 17(a) and 19(a).

5. Plaintiff Stone Diamond Music Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Peer International Corporation is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Unichappell Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff EMI Consortium Songs, Inc. d/b/a EMI Longitude Music is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Mole Music Company is a sole proprietorship owned by Grace Slick. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Defendant Charter Oak Brewing Company LLC is a limited liability company organized and existing under the laws of the state of Connecticut that operates, maintains and

controls an establishment known as Charter Oak Brewing (the "Establishment"), located at 39B Shelter Rock Road, Danbury, Connecticut 06810, in this district.

12. In connection with the operation of the Establishment, Defendant Charter Oak Brewing Company, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

13. Defendant Charter Oak Brewing Company, LLC has a direct financial interest in the Establishment.

14. Defendant P. Scott Vallely is a member of Defendant Charter Oak Brewing Company, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

15. Defendant P. Scott Vallely has the right and ability to supervise the activities of Defendant Charter Oak Brewing Company, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

16. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 15.

17. Since July 2023, BMI has reached out to Defendants over fifty (50) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

18. Plaintiffs allege six (6) claims of willful copyright infringement, based upon

Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

19. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the six (6) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

20. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

21. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

22. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff

BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

23.     For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

24.     The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)     Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II)    Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(IV)    Plaintiffs have such other and further relief as is just and equitable.

Dated: August 30, 2024               **GIBBONS P.C.**

/s/ Robert D. Brown, Jr.
Robert D. Brown, Jr. (ct31557)
J. Brugh Lower
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
rbrown@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Ain't Too Proud To Beg |
| Line 3 | Writer(s) | Eddie Holland, Norman Whitfield |
| Line 4 | Publisher Plaintiff(s) | Stone Diamond Music Corp. |
| Line 5 | Date(s) of Registration | 5/9/66 |
| Line 6 | Registration No(s). | Ep 216556 |
| Line 7 | Date(s) of Infringement | 07/05/2024 |
| Line 8 | Place of Infringement | Charter Oak Brewing |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 2 | |
| Line 2 | Musical Composition | Everyday | |
| Line 3 | Writer(s) | Norman Petty; Charles Hardin | |
| Line 4 | Publisher Plaintiff(s) | Peer International Corporation | |
| Line 5 | Date(s) of Registration | 6/17/85<br>11/19/57 | 6/17/85<br>9/9/57 |
| Line 6 | Registration No(s). | RE 252-810<br>Ep 114122 | RE 252-715<br>Eu 493662 |
| Line 7 | Date(s) of Infringement | 07/05/2024 | |
| Line 8 | Place of Infringement | Charter Oak Brewing | |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Hallelujah I Love Her So a/k/a Hallelujah I Love Him So |
| Line 3 | Writer(s) | Ray Charles |
| Line 4 | Publisher Plaintiff(s) | Unichappell Music Inc. |
| Line 5 | Date(s) of Registration | 1/3/84    5/3/56 |
| Line 6 | Registration No(s). | RE 193-661    Eu 437231 |
| Line 7 | Date(s) of Infringement | 07/05/2024 |
| Line 8 | Place of Infringement | Charter Oak Brewing |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Shout |
| Line 3 | Writer(s) | O'Kelly Isley; Ronald Isley; Rudolph Isley |
| Line 4 | Publisher Plaintiff(s) | EMI Consortium Songs, Inc. d/b/a EMI Longitude Music |
| Line 5 | Date(s) of Registration | 5/26/87   5/26/87   1/12/87   1/12/87   1/12/87   1/12/87   8/18/59   8/18/59 |
| Line 6 | Registration No(s). | RE 340-032   RE 340-033   RE 321-405   RE 321-406   RE 321-407   RE 321-408   Ep 132761   Ep 132762 |
| Line 7 | Date(s) of Infringement | 07/05/2024 |
| Line 8 | Place of Infringement | Charter Oak Brewing |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Take On Me |
| Line 3 | Writer(s) | Magne Furuholmen a/k/a Mags Furuholmen; Pal Waaktaar; Morten Harket |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC |
| Line 5 | Date(s) of Registration | 9/9/85 |
| Line 6 | Registration No(s). | PA 274-789 |
| Line 7 | Date(s) of Infringement | 04/14/2024 |
| Line 8 | Place of Infringement | Charter Oak Brewing |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | White Rabbit |
| Line 3 | Writer(s) | Grace Slick |
| Line 4 | Publisher Plaintiff(s) | Grace Slick, an individual d/b/a Mole Music Company |
| Line 5 | Date(s) of Registration | 1/3/94     3/9/67 |
| Line 6 | Registration No(s). | RE 654-120    Ep 228383 |
| Line 7 | Date(s) of Infringement | 04/14/2024 |
| Line 8 | Place of Infringement | Charter Oak Brewing |